## METHODIST EPISCOPAL CHURCH v. ROACH et al.

### No. 4128.

Court of Civil Appeals of Texas. Texarkana.
May 26, 1932.

Rehearing Denied June 9, 1932.

1102

Carney & Carney, of Atlanta, for appellant.
O'Neal & Harper, of Atlanta, for appellees.

LEVY, J. (after stating the case as above).

The appellant trustees present the point, in effect, of error in adjudging that they take nothing by the suit because by undisputed evidence they established (1) a complete legal title as successive trustees in the local church property, and (2) the right to possess such property, and the deprivation of the possession thereof by the appellants. For a consideration which was paid by the members of the local church at Atlanta, the owners of the lots deeded them to and the title was vested in three named persons as "Trustees of the Methodist Episcopal Church, of the County of Cass and the State of Texas." The deed expressly declared that the object and intention of the conveyance of the property to the three named trustees was to effectuate a simple trust, in the nature and form of "for the uses and purposes of said Church and to be used by them as the Trustees for said Church as the Discipline may provide and direct them and their successors in office." An unincorporated religious association, as here appears, is legally incapable in their associate name of taking and holding real property, and must take conveyance, as in this case was done, through the intervention of trustees. Methodist Episcopal Church v. Clifton, 34 Tex. Civ. App. 248, 78 S. W. 732; 23 R. C. L. p. 443; 54 C. J. p. 47. The deeds then put at rest any question of whether or not the legal title was vested in the duly constituted trustees of the Methodist Episcopal Church. The effect was to vest the legal title in the trustees named, and their successors duly appointed or elected for the future, but for the use and benefit of the members of the Methodist Episcopal Church at Atlanta. It was seemingly the members of that particular church who had furnished the money for the purchase of the lots, in the view and purpose of having erected thereon a

building as the church home and place of public worship of themselves and subsequent members. And since the Rules and Discipline of the church formed a part of the declared trust that Discipline becomes and would be the embodiment of the terms of compact defining and limiting the powers of the local church and of the individual members therein and the other superior church bodies. Under that Discipline, as shown here, the local church had original authority to elect trustees and fill vacancies. But that authority is not exclusively in the local church. The Quarterly Conference, a judicatory having immediate control of the local church, has authority to fill vacancies and appoint and elect trustees for the future, either as successive or new trustees, of the local church property in case for any reason there had been either failure or refusal of the local church to fill the vacancies or elect successive trustees or to timely elect trusteees. Inasmuch as the power existed to elect successive or new trustees the fact would not be controlling that after 1928, neither the local church nor the Quarterly Conference filled the vacancies or elected successors to the trustees last appointed at the Quarterly Conference, for such inaction would in no wise cause the trust to fail. 3 Pomeroy, Eq. Jur. § 1087. Upon the election of successive or new trustees by the proper authority as directed to be done in the Discipline, then the legal title would be thus transmitted from one set of trustees to their successive trustees; otherwise, the title of the old trustees would not be divested. And the present trustees, suing as plaintiffs in this case, do not claim to have been appointed either as successive or new trustees by either the local church or the Quarterly Conference. They were, as conclusively proven, appointed and confirmed generally as a Board of Trustees of the Annual Conference, which was held at Dallas, Tex., in December, 1929. The Annual Conference is a governing body or judicatory superior to the local church and the Quarterly Conference. In view of that fact, and deriving their authority exclusively as a general Board of Trustees of the Annual Conference, the rights of the parties at issue must depend upon and be determined by the supervision and authority given to such trustees over the property of the local church by the provisions of the Discipline. In this respect it is provided by the Discipline, as shown by the proof in this case, that the Annual Conference shall have the power (1) to take over the custody and sell and convey the property of a local church that has been abandoned or no longer used for the purposes originally designed, and (2) to discontinue or disband the local church and abandon the location, and to take over and sell and convey the property. The discontinuance or abandonment of the local church may be directed and ordered by the Annual Conference whenever it shall "deem desirable or necessary" upon the happening, among other things, of "the reduction of its members or the changing character of the community or population which the Church is intended to serve." It is then provided that "the Board of Trustees of the Annual Conference is hereby authorized and empowered to sell and convey said property (of the local Church) in accordance with the directions of the Annual Conference," namely: (1) Where the local church or church property has been abandoned, or no longer used by the congregation for the purpose originally designed, or (2) where the discontinuance or abandonment of the location of the local church has been determined to be desirable or necessary by express vote of the Annual Conference. In neither instance can the Trustees of the Annual Conference assume to act and take over and sell and convey the local church property until the "local Board of Trustees," appointed by the local church or the Quarterly Conference, if they or their successors remain, "refuses or is unable to act in such matter." If the Annual Conference does not exercise its authority in the particular matters and make final termination of the local church and disposition of its property, the power of supervision and sale is not vested in the Board of Trustees of the Annual Conference. The only one who could create the power was the Annual Conference. The evidence brings in question whether or not these necessary provisions of the Discipline had been met and complied with to enable the Trustees of the Annual Conference to maintain the suit. The evidence is quite ample to show that there has been no abandonment of the local church or church property, by nonuser and failure to maintain services or keep up the premises. And the evidence does not tend to show that the Annual Conference in 1929 or since in any of their proceedings ever directed or ordered the Trustees of the Annual Conference to take over the property and to sell it as abandoned church property. Neither does any of the proceedings or records in evidence reflect or tend to show that the Annual Conference, in accordance with the provisions of the Discipline or otherwise, exercised its discretion and determined and ordered the dissolution or discontinuance of the church or abandonment of the location of the local church. In such situation the present appellant trustees may not predicate the right of holding legal title to the property as successive trustees duly confirmed as such, or rightful possession of use of the property in suit. It is only after order of the dissolution or discontinuance of the local church has been made by the Annual Conference that its general Board of Trustees can exercise its authority of sale or restraint upon the possession of the use

by the local congregation. It is only after an order of dissolution or discontinuance of the local church or of its location has been duly and finally made by the Annual Conference that all rights of the local members of the possession of the use of that property cease. In the absence, as appears, of being clothed with authority in the method and manner provided in the Discipline, a legal title by succession or a rightful possession of the use of the property may not be predicated by the appellant trustees in the circumstances, and an action for ejectment or deprivation of the possession of the property would not be legally established by such trustees in the capacity in which they sue. The proof of the appointment of the District Superintendent to be the agent of the trustees in the matter of the sale of the property would not be proof sufficient to show authority of the trustees themselves to take over and to sell and convey the property.

It is believed the trial court has correctly decided the case and that this court would not be warranted in setting the judgment aside, and it is accordingly affirmed.