Tanie ORLANDO et al., Appellants,

v.

Harry MOORE, Appellee.

No. 3214.

Court of Civil Appeals of Texas.

Waco.

Dec. 21, 1954.

Rehearing Denied Jan. 13, 1955.

sion of five acres of land. Defendant answered with a plea of not guilty and an affirmative defense based upon the ten-year statute of limitation. The Veterans Land Board of the State of Texas intervened in the suit, denied the allegations contained in the answer of defendant, adopted the allegations contained in the petition of plaintiff, and prayed that it recover the title to and possession of the five acres in controversy, consistent with the equities of the plaintiff in and to the land in dispute.

The case was tried before a jury. Upon the conclusion of the evidence plaintiff and intervenor filed and presented their joint motion for a peremptory instruction upon the grounds that the evidence established their asserted title and right of possession in and to the property in dispute as a matter of law and that the evidence was legally insufficient to take the case to the jury on defendant's plea of limitation. The motion was overruled and the case was submitted to the jury on the issue as to whether the defendant and his predecessors in title had held exclusive, peaceable and adverse possession of the land in controversy for a period of ten years prior to January 1, 1953. The jury answered the issue favorable to defendant and thereupon the court rendered judgment that plaintiff and intervenor take nothing by their suit.

Under appropriate points in their brief, plaintiff and intervenor say the court erred in overruling their motion for a peremptory instruction and in rendering judgment against them for the reasons set forth in their motion. In disposing of the contentions thus presented, we must determine (1) whether the evidence shows the right, title and interest of plaintiff and intervenor in and to the five acres in controversy to be paramount and superior to any claim of defendant with respect thereto, independent of the question of limitation, and, if so, (2) whether the evidence was legally sufficient to raise defendant's plea of limitation as a fact issue for the jury. If the first question be determined in the affirmative and the second in the negative, it will then become the duty of this court to reverse the

John M. Barron, William T. Moore, Bryan, John Ben Sheppard, Atty. Gen., Henry Gates Steen, Asst. Atty. Gen., for appellants.

William Woodburn, Navasota, R. V. Armstrong, Bryan, for appellee.

HALE, Justice.

The parties to this appeal will be referred to as they were in the trial court. Plaintiff, Tanie Orlando, brought an action in trespass to try title against defendant, Harry Moore, seeking to recover title and posses-

judgment appealed from and render judgment in favor of plaintiff and intervenor.

The evidence shows that on February 2, 1950, J. R. Hardy and others, hereafter referred to as the Hardys, conveyed to intervenor 53.2 acres of land, hereafter referred to as the Hardy tract, then under contract of sale from intervenor to plaintiff. On June 26, 1952, Mrs. Sara Lott conveyed to defendant 402 acres of land, hereafter referred to as the Lott tract, in pursuance of a contract of sale from Mrs. Lott to defendant which had been entered into in 1949. The Hardy tract and the Lott tract are contiguous. They had been owned by the Hardys and the Lotts, respectively, for many years prior to the time when the controversy which is the subject of this suit arose. The tracts were bounded along their westerly borders by the east bank of the Brazos River. With the passing of the years, the channel of the river moved gradually toward the west and, as a result thereof, approximately 28 acres of accretive land was added to the two tracts between the old channel and the new channel of the river. This additional land was referred to by the witnesses during the trial as "made land," and it will be hereafter so designated by us. Although there was evidence that some or all of this made land was used by one or more of the tenants of the Lotts for grazing purposes from time to time for many years, the evidence as a whole shows unmistakably, we think, that the value of the land and of its use was of little consequence or concern to the Hardys or to the Lotts, and that they did not know or claim to know what portion thereof, if any, was lawfully a part of the Hardy tract or where the true boundary line might be located between that portion of the made land which was added to each of the adjoining tracts to which the Hardys and the Lotts held record titles, respectively. In the deed dated June 26, 1952 from Mrs. Lott to defendant, she conveyed the Lott tract, "together with all the accretions" thereto. While the deed from the Hardys to intervenor did not make any specific reference to the accretions to the Hardy tract, the Hardys thereafter executed a quitclaim deed to plaintiff covering the five acres in controversy.

In Sharp v. Womack, 127 Tex. 357, 93 S.W.2d 712, 716, the Supreme Court of this State announced the correct rule for apportioning accretions along rivers by quoting from 1 R.C.L., p. 245, as follows: "Measure the entire river front as it was when the lots were laid out, and note the aggregate number of feet frontage, as well as that of each lot; then measure a line drawn as nearly as may be with the middle thread of the stream opposite the shore line so measured; then divide the thread line into as many equal parts as there are lineal feet in the shore line, giving to each proprietor as many of these parts as his property measures in feet on the shore line; and then complete the division by drawing lines between the points designating the lot or parcel belonging to each proprietor both upon the shore and river lines."

The undisputed evidence in the case under consideration shows the various measurements necessary to a proper application of the above rule in the apportionment of the 28 acres of made land as between the defendant and his predecessors in title on the one hand and the intervenor and plaintiff and their predecessors in title on the other hand. From the measurements thus established, it appears that intervenor and plaintiff, being the owners of the Hardy tract and its lawful accretions, are entitled to recover the five acres of accretive land in controversy, as described by metes and bounds in the judgment of the court below, unless such recovery is barred by the ten-year statute of limitation as embraced in Art. 5510 of Vernon's Tex.Civ.Stats.

The evidence was sufficient to warrant the jury in finding that defendant and his predecessor in title, Mrs. Lott, had held peaceable possession of the five acres in controversy for more than ten years prior to January 1, 1953. Defendant and other witnesses in his behalf so testified. Defendant also testified that he considered the five acres to be a part of the Lott land. However, after due consideration of the

evidence as a whole, we have concluded that it was lacking in probative force to show that Mrs. Lott's possession of the five acres was adverse within the meaning of Art. 5510 of Vernon's Tex.Civ.Stats. On the contrary, it appears to us that the undisputed testimony of Mrs. Lott shows conclusively that her possession of the five acres was never adverse or hostile to any lawful right, title or interest of the Hardys with respect thereto. Mrs. Lott testified unequivocally as follows: "Q. Has it ever been the intention of you or your husband to claim any land not actually belonging to you or gained by accretion to your land? A. No. Q. Has it ever been your desire or intention to claim adversely to any right or title to the land of the Hardys adjoining the Lott land? A. No." All of her verbal testimony, as well as the written provisions contained in her deed of conveyance to defendant, is entirely consistent with her clear statement that it was never her desire or intention to claim adversely to any right or title of the Hardys.

Many cases from Texas and other jurisdictions are cited in 97 A.L.R. pp. 21–27, in support of the following statement: "The great weight of authority is to the effect that, where one of two adjacent land owners extends his fence, through mere inadvertence or ignorance of the location of the true boundary line, so as to embrace within his enclosure lands belonging to his neighbor, with no intention of claiming such extended area, but with the intention of claiming adversely only to the true boundary line, wherever it may be, his possession of such extended area is not adverse or hostile to the true owner." Hand v. Swann, 1 Tex. Civ.App. 241, 21 S.W. 282; Shaw v. Windham, Tex.Civ.App., 155 S.W. 636 (er. ref.); Houston Oil Co. v. Stepney, Tex.Civ.App., 187 S.W. 1078 (er. ref.); Bell v. Haynes, Tex.Civ.App., 38 S.W.2d 619; Mosley v. Gulf Production Co., Tex.Civ.App., 111 S.W.2d 726; Brownlee v. Landers, Tex. Civ.App., 166 S.W.2d 734; Lyons v. Pullin, Tex.Civ.App., 197 S.W.2d 494 (er. ref.).

Art. 5515 of Vernon's Tex.Civ.Stats. defines adverse possession as "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Intention of the possessor of land to claim it as his or her own is an essential element of adverse possession and in the absence of such intention the possessor cannot mature a limitation title to land belonging to another. 2 Tex.Jur. p. 127, Sec. 67, and authorities. While intention to claim land may or may not be inferred from circumstances in most cases, we need not speculate or indulge in inferences in the case here under consideration as to what Mrs. Lott's intention was with respect to any of the "made land" because she testified without any dispute that she did not intend at any time to claim any land not actually belonging to her or gained by accretion to her land. Consequently, we hold that the evidence in this case did not raise defendant's plea of limitation as a fact issue for the jury. 2 Tex.Jur. pp. 125–126, Sec. 65; 2 C.J.S., Adverse Possession, § 84, p. 630 et seq.; 1 Am.Jur. p. 915, Sec. 12; Thompson v. Moor, Tex.Com.App., 14 S.W.2d 803 and authorities; Osborn v. Deep Rock Oil Corp., Tex., 267 S.W.2d 781 and authorities.

Because we have concluded that the court below erred in overruling the joint motion of plaintiff and intervenor for a peremptory instruction and in rendering judgment that they take nothing, the judgment appealed from is reversed and judgment is here rendered awarding to plaintiff the title and right of possession of the five acres of land in controversy, consistent with the equities of the intervenor in and to such land under its contract of sale to plaintiff.