BURTON *v.* GRIFFITH.

5-1011                                        291 S. W. 2d 516

Opinion delivered June 25, 1956.

*Wood & Smith,* for appellant.

*Rose, Meek, House, Barron & Nash* and *Phillip Carroll,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is a suit by appellants, as trustees of the Methodist Episcopal Church of Sweet Home, Arkansas, to quiet their title by adverse possession to a certain lot upon which appellee, M. A. Griffith, constructed a two-room house in 1955. Trial resulted in a decree dismissing appellants' complaint. The sole issue on this appeal is whether this holding is against a preponderance of the evidence.

In *Goodwin* v. *Garibaldi,* 83 Ark. 74, 102 S. W. 706, this court stated the applicable law which has since been repeatedly approved, as follows: "When a landowner, through mistake as to his boundary line, takes possession of land of an adjacent owner intending to claim only to the true boundary, such possession is not adverse, and, though continued for the statutory period,

does not divest title; but when he takes possession of the land under the belief that he owns it, encloses it and holds it continuously for the statutory period under claim of ownership without any recognition of the possible, right of another thereto on account of mistake in the boundary line, such possession and holding is adverse, and, when continued for the statutory period, will divest the title of the former owner who has been thus excluded from possession.''

Appellants have owned and maintained a church on lot 14 of Nelson Burton Survey of the property in Sweet Home, Arkansas, for many years. The lot embraces about one acre and lies immediately north of and adjacent to lot 15 which is the property in controversy here. Both lots are rectangular in shape and the same width, but lot 15 contains only about ⅓ of an acre. According to the testimony of the trustees and other members, the church had occupied, used and claimed title to lot 15 for over 50 years prior to July, 1955 when appellees began building the house on it. Lot 16 lies south of and adjacent to lot 15 and the church has used and claimed the land north of a line marked by a fence now located on a line between the two lots. According to appellants' witnesses, the church maintained a parsonage for many years on the lot on which appellees built the house. This parsonage was torn down and rebuilt on the north side of the church building about 12 years ago. After that time, the church used the lot as a garden and recreation area and for the maintenance of a well until July, 1955. While counsel for appellees on cross-examination diligently sought an admission by appellants' witnesses that they had no intent to claim adversely because they would not want to take property that actually belonged to someone else, the net effect of their testimony is that the church occupied the disputed strip for over 50 years under an absolute claim of ownership and without regard to the true boundary.

Appellees admittedly have and claim no record title to the disputed tract and entered the property as mere squatters with the intent to retain possession for the required time to acquire title by adverse possession. While

one witness for appellees testified that the original parsonage was not located within the old fence line, we think his testimony is contrary to the preponderance of the evidence.

We are convinced that appellants established their claim of title by adverse possession in accordance with the rule laid down in *Goodwin* v. *Garibaldi,* supra, by a clear preponderance of the evidence. The decree is accordingly reversed and the cause remanded with directions to enter a decree consistent with this conclusion.

GEORGE ROSE SMITH, J., not participating.