21025.   MORRIS *et al.* v. CUMMINGS *et al.*

ARGUED SEPTEMBER 13, 1960—DECIDED OCTOBER 6, 1960—
REHEARING DENIED OCTOBER 25, 1960.

*Jay M. Sawilowsky,* for plaintiffs in error.

*Sanders, Thurmond & Hester,* contra.

HEAD, Presiding Justice.   Robert L. Morris and Mary J. L. Morris brought an action against Albert S. Cummings, Mrs. Virginia Cummings, Mrs. Mary McNeely, Karl R. Smith, Jr., Olive P. Greene, and John J. Greene, seeking damages and injunctive relief, the petition alleging that the defendants had created a continuing nuisance by artificially increasing the natural flow of surface water from their properties onto the prop-

erty of the petitioners. The trial judge denied the interlocutory injunction, and the exception is to this judgment.

From the pleadings and the evidence on the hearing it appears that Mrs. Henry Lonergan, the mother of the petitioner Mrs. Morris, was the common grantor of all of the parties. The petitioners own property on the west side of Camilla Avenue, and the defendants own property between the east side of Camilla Avenue and Lonergan Drive. All of the properties of the defendants are higher than the property of the petitioners, but the property of some of the defendants is in a depression; they have no natural drainage, and have a serious problem with standing surface water in wet weather. In February, 1960, the defendants had a drainage ditch dug, which traverses the property of the defendant John J. Greene, and drains the properties of the other defendants, emptying water onto Camilla Ave., whence it flows across Camilla Avenue (and has eroded this street until it is impassable), and then flows onto the property of the petitioners.

It is the contention of the defendants that, at the time they (except John J. Greene) purchased their properties, there was in existence a drainage ditch which traversed the property of Smith, Cummings, and Olive P. Greene, and two lots then belonging to Mrs. Lonergan, the water going through a culvert under Camilla Avenue and onto property then belonging to Mrs. Lonergan; that this ditch was dug by Tom Ayers, the predecessor in title of all of the defendants except John J. Greene, at considerable expense to Mr. Ayers, with the knowledge and consent of Mrs. Lonergan and with the knowledge of the petitioners; that this drainage ditch remained open until about September 1, 1959, when it was filled with dirt, rubbish, and other items by the petitioners or persons acting in concert with them; and that, if the petitioners have suffered any damage because of the flow of surface water, this damage has been caused because of their interference with the drainage ditch dug by Mr. Ayers.

There is a great deal of conflict in the evidence in regard to the Ayers ditch. Mr. Ayers testified that he dug the ditch on Mrs. Lonergan's property with her permission and at his own

expense. Mrs. Lonergan testified that he dug it without her permission, and that she filled it back up within three weeks because it was flooding her daughter's property. There was evidence that the petitioners assisted in filling the Ayers ditch. W. E. Pollatty, who now owns the property formerly owned by. Mrs. Lonergan on which the Ayers ditch was located, testified that he bought the property in September, 1959, and had a small portion of the ditch filled after that time. The defendants, Albert S. Cummings and Virginia Cummings, testified that the Ayers ditch was open when they bought their property in December, 1958.

The question of whether or not the successors in title of Mr. Ayers could assert the right to open the Ayers ditch on property now owned by Mr. Pollatty, or recover damages for the wrongful closing of the ditch, under the principles stated in *Brantley v. Perry*, 120 Ga. 760 (48 S. E. 332), is not made by the present case. The defendants have not opened the Ayers ditch, but have dug a new ditch on property owned by another person, more than one hundred feet from the Ayers ditch. The evidence in regard to an old agricultural ditch was immaterial, since no witness could remember when this ditch, now grown up into a hedgerow, had ever drained any water, and the new ditch is not in the same place as the old agricultural ditch.

The evidence is without conflict that the drainage ditch cut by the defendants discharges large quantities of water on Camilla Ave., and that the water then flows onto the petitioners' property, making it swampy and boggy, and eroding their premises. "As to surface water, one land proprietor has no right to concentrate and collect it, and thus cause it to be discharged upon the land of a lower proprietor in greater quantities at a particular locality, or in a manner different from that in which the water would be received by the lower estate if it simply ran down upon it from the upper by the law of gravitation." *Cox v. Martin*, 207 Ga. 442 (62 S. E. 2d 164); *Goldsmith v. Elsas, May & Co.*, 53 Ga. 186; *Farkas v. Towns*, 103 Ga. 150 (29 S. E. 700, 68 Am. St. Rep. 88); *Hendrix v. McEachern*, 164 Ga. 457, 459 (139 S. E. 9); *Rinzler v. Folsom*, 209 Ga. 549, 552 (74 S. E. 2d 661); *Rinzler v. Akin*, 211 Ga. 530 (87 S. E. 2d 64).

It is, of course, well established that the grant or denial of a

temporary injunction rests in the sound discretion of the trial judge, and where the evidence is conflicting, his decision will not be reversed unless it is apparent that he has abused his discretion. This conflict in the evidence, however, must be on material issues in the case. *Jones v. Lanier Development Co.,* 188 Ga. 141 (2 S. E. 2d 923). In the present case, the evidence demands a finding that the defendants cut a ditch draining their properties, which caused the surface waters from their properties to flow in an unnatural manner on the property of the petitioners. The conflicting evidence in regard to the Ayers ditch, taken in the most favorable view for the defendants, presents no defense to their wrongful act.

Since the evidence demanded a finding for the petitioners, the trial judge abused his discretion in refusing the interlocutory injunction.

*Judgment reversed. All the Justices concur.*