**Garland SHERMAN et al., Appellants,**

**v.**

**Van WHITTENBERG et al., Appellees.**

No. 10966.

Court of Civil Appeals of Texas.

Austin.

April 25, 1962.

Clark, Thomas, Harris, Denius & Winters, James H. Keahey, Austin, for appellants.

Bradbury, Tippen, Brown & Clement, Abilene, for appellees.

ARCHER, Chief Justice.

This suit was filed by appellees as trustees of the Bethel Baptist Church of Winters, Texas, against appellants as trustees of Pentecostal Church of God, of Winters, Texas, in trespass to try title to recover the title and possession of the South one

half of Lot No. 3 in Block No. 7 of Murray Addition to the City of Winters, Runnels County, Texas and in the alternative for a cancellation of a purported lease, describing the same, and for rents, etc.

The appellants answered by plea of not guilty only.

On trial before the Court judgment was rendered for the plaintiffs, appellees herein, for the title and possession of the property.

Findings of fact and conclusions of law were made, the Court finding that the Bethel Baptist Church purchased the property from W. H. Cole and wife on May 18, 1945; that the plaintiffs are the successors to the trustees named in the deed; that W. G. Richardson is not a trustee of the Bethel Baptist Church; that neither a majority of the trustees of the Bethel Baptist Church nor the majority of the congregation, authorized the leasing of the property to the defendants; that the plaintiffs represent the majority of the members and that W. G. Richardson and O. A. Fowler represent a minority; that neither the trustees nor the congregation were notified that Fowler and Richardson were planning to lease the property; that only three adults attended the congregational meeting at which the lease was authorized; that the Bethel Baptist Church was an active church at the time of the trial; that the claim of title is the deed from Cole and wife; and that the defendants base their claim to title as lessees of the trustees of Bethel Baptist Church.

As a matter of law the Court concluded that the deed from Cole and wife is the common source of title; that plaintiffs are the legal successors to the trustees named in the Cole deed, and that the trustees of Bethel Baptist Church have not leased the property to the defendants; that the lease is invalid and that the plaintiffs are entitled to title and possession of the premises.

The Court denied the defendants' request for additional findings and conclusions of law to the effect that the lease was valid, that the plaintiffs were not the duly elected trustees of Bethel Baptist Church, and that the makers of the lease are the legal trustees.

The appeal is based on four points and are that the Court erred in awarding title because there was no proof of title from the State or a common source; in finding that appellees are a majority of the trustees elected by a majority of the congregation, and entitled to title and possession of the property; in finding that the lease was not executed by a majority of the trustees of Bethel Baptist Church and authorized by all of the duly qualified members of the congregation; and in denying the appellants' requested findings and conclusions of law.

Plaintiffs introduced into evidence a warranty deed dated May 18, 1945, recorded on April 11, 1951 in the Deed Records of Runnels County, Texas, conveying to the trustees of Bethel Baptist Church, of Winters, Texas, for a recited consideration of $100.00 the South one half of Lot No. 3 in Block No. 7 of Murray Addition to the City of Winters, Runnels County, Texas.

Mrs. R. A. Kiser, a witness for plaintiffs, testified that she had resided in Winters for about 38 years and was a member of Bethel Baptist Church and had been for 14 years; that during this time there had been an attendance of between 50 and 65 and at the present time there were between 30 and 35 members; that she put her membership in the Church when Mr. Richardson was pastor; that Mr. Richardson stated several times that he was going to resign; that the Church had declared the pulpit vacant; that she knows O. A. Fowler who was a member, but that he was attending the Church of God before the lease was made; that after the lease some of the members of the Baptist Church were meeting in private homes. The witness further testified that Levi Smith, Van Whittenberg and Mrs. Sherman Hord are the trustees of the Church and had been elected before

the Church was leased and that she believed that the trustees served indefinitely; that the Church property consists of the parsonage and the building which contains Sunday School rooms and an auditorium; that there are about 15 or 20 active members in the Church at that time and named them.

Further testimony given on cross examination was that the Church holds services on Friday night at homes and that their Pastor, Jack Griffith, comes from Abilene and that other services were had on Sunday without a pastor.

Jack Griffith testified that he is a Baptist Minister with a Church in Abilene; that he had lived in Winters from 1944 to the Fall of 1947, during which time he was Minister of the Bethel Church, and testified as to the customary actions of a Baptist Church in its functioning as such in admitting members and the manner in which one may cease to be a member and that non-attendance is not a reason for dropping a member since no record is usually kept; that he had known W. G. Richardson as a preacher and that it is not the accepted custom or practice for the pastor to be a trustee.

Van Whittenberg testified that he and his wife were members of the Bethel Baptist Church; that he was elected trustee in 1958 and that Levi Smith and Mrs. Hord are trustees also; that O. A. Fowler was attending the Church of God; that the congregation did not authorize the leasing of the property.

Mrs. Hord testified that she is a member of the Bethel Baptist Church and had been for 14 years and was elected as a trustee and that she had no knowledge that the property of the Church was leased out.

The defendants called as a witness, Mrs. Allen Richardson, who testified that she lived at Merkel, Texas and was Clerk of the Bethel Baptist Church in 1960 and continued to be the Clerk until the Church ceased to exist.

There were identified and introduced in evidence defendants' exhibits 1, 2, 3 and 4, exhibit No. 1 being the membership roll and the minutes of the Church covering a period from January 6, 1945 to June 2, 1952. This exhibit is long and refers to rules, regulations and Church meetings and we will not insert any part of it herein. The witness, Mrs. Richardson, testified that her husband was pastor of the Church during this period of time.

Exhibit No. 2 is the Minutes of the Church from July 2, 1952 to the final entry on December 18, 1960 (there being no minutes from March 11, 1960 of the activity of the Church except the granting of two letters of dismissal). We quote herein the December 18, 1960 minutes:

"The Bethel Baptist Church met in regular conference Dec. 18, 1960. Minutes were read and approved, the business was after prayer and discussion, it was decided upon to drop the services for the time being due to small membership and lack of finance and let The Church of God use the building and parsonage and the funds received will be paid to Bro. O. A. Fowler to be placed in the bank for the upkeep of the building and Insurance and other needs.

"Bro. Richardson will continue as Pastor until further notice, in case some of the inactive members should call for their church letters.

"Mrs. W. G. Richardson was elected Church Clerk.

"Rev. W. G. Richardson, Mod.

"Mrs. W. G. Richardson
"(Church Clerk)

"Read & Approved. Dec. 18, 1960."

Mrs. Richardson testified that to her knowledge, subsequent to March 11, 1960, no other trustees were elected by the Church.

Exhibit No. 3 is an account of the attendance roll for the adult Sunday School Class. Mrs. Richardson testified that she had never met Mr. Whittenberg and that his name does not appear on any of the records. The record showed that Mrs. Hord had been in attendance only two times during 1960 according to Mrs. Richardson's testimony.

On cross examination Mrs. Richardson testified that she was a member of the Bethel Baptist Church and was elected Clerk pro tem on March 11, 1960; that she and her husband lived at Merkel and did not attend services from May 8 until November 11, 1960, but that such non-attendance was not through ill-will.

W. G. Richardson testified that he lived at Merkel, Texas, was a Baptist Minister and pastor of the Bethel Church from 1948 to July 1957 and returned to the Church in 1959; that he supported himself as a contractor; that the call to return to the Bethel Church was from O. A. Fowler and that none of the plaintiffs were active in the call. The witness testified as to the March 11, 1960 meeting and the election of trustees, none of which have been replaced; that the meeting on December 18, 1960 was held pursuant to prior announcements; that the only adults present at the December 18th meeting were his wife, Mr. Fowler and himself and that no one present at the meeting objected to the lease. The witness testified as to making the lease and the receipt of $120.00 deposited in a bank under the control of Mr. Fowler; that he was still the pastor of the Bethel Baptist Church and that he would return to the Church and hold services if the members desired him to do so.

O. A. Fowler testified that he became a member of the Bethel Baptist Church in 1956 and that he is still a member; that he became a trustee in 1957 and had served as treasurer and as head of the Adult Sunday School Class; that when Mr. Richardson returned to the Church he was again elected trustee and that Levi Smith and Wayne Plummer were elected trustees also; that Plummer never served; that during 1960 the attendance became less and less, until in November, only Reverend Richardson, the witness and two or three children attended; that none of the plaintiffs attended and it was decided to lease the property for $120.00 per year for 10 years to the Pentecostal Church.

There can be no question but that all parties were testifying to the same property described in the deed from Cole to the Church.

■■ The plaintiffs made out a prima facie case by the introduction into evidence of the warranty deed from Cole and wife and the burden shifted to defendants, who did not offer into evidence the lease under which they claim. There is no question of plaintiffs' prior title and possession of the property. They are presumed to be the owners until the contrary is proved. State v. Lain, Tex.Civ.App., 339 S.W.2d 272, affirmed Tex., 349 S.W.2d 579.

■ The evidence sustains the findings that plaintiffs had exclusive possession of the property involved until they were allegedly dispossessed by the defendants. Rilling v. Munoz, Tex.Civ.App., 344 S.W. 2d 696, error ref., N.R.E.

The Court resolved the fact issue in favor of the plaintiffs and we believe that the evidence supports the Court's action.

"The pleadings and the evidence concerning this matter were before the court and every legitimate presumption must be indulged in favor of the trial court's judgment. If the trial court's judgment can be sustained upon any reasonable theory consistent with the record, it must be affirmed." Anderson Furniture Co. v. Roden, Tex.Civ. App., 255 S.W.2d 345.

The judgment of the Trial Court is affirmed.

Affirmed.