**O. K. C. CORPORATION, Appellant,**

**v.**

**J. O. ALLEN, Willie Mae Sowell and Minnie Moody, Trustees of White Rock Chapel Church, Appellees.**

**No. 8548.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 14, 1978.

Rehearing Denied Dec. 12, 1978.

Robert L. Dillard, III, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

Shirley R. Levin, Levin, Weinberg & Levin, Dallas, for appellees.

HUTCHINSON, Justice.

The judgment of the trial court was previously reversed and judgment rendered that appellees, J. O. Allen, Willie Mae Sowell and Minnie Moody, Trustees of White Rock Chapel Church, take nothing. Appellees timely filed a motion for rehearing which was replied to by appellant. The court is of the opinion that appellees' motion for rehearing should be granted and the same is hereby granted and the cause reconsidered upon the original record and briefs of the respective parties.

This is a trespass to try title case. White Rock Cemetery Garden of Memories, Inc., brought the suit against O.K.C. Corporation, appellant here, and a petition in intervention was filed by the Trustees of White Rock Chapel Church, appellees here, to establish title to certain land near a cemetery by deed and alternatively by limitations. White Rock Cemetery Garden of Memories, Inc., did not answer the intervention and its action against O.K.C. Corporation was severed and this portion of the case was tried before the court.

The petition of intervention is brought by J. O. Allen, Willie Mae Sowell and O. J. Moody, Trustees of White Rock Chapel Church, to establish title to a 1.012 acre tract of land in the *Thomas Garvin* Survey of Dallas County, Texas, by virtue of a deed dated February 25, 1884, from W. A. Obier and R. A. Obier purporting to convey one acre of land in the *A. Bledsoe* Survey of Dallas County, Texas, to B. F. Turner, Wm. Harris, G. W. Coit, F. Brigham and J. Coit, Trustees of White Rock Chapel Church and their successors in office and alternatively to establish its title to the 1.012 acre tract in the Thomas Garvin Survey by limitations. Appellant in its answer enters a general denial and a plea of not guilty and alleges that appellees did not have legal capacity to sue in that they were claiming as trustees of the White Rock Chapel Church and did not allege that the church was a legal entity entitled to sue or be sued in the State of Texas. This latter allegation was never urged in the trial court or in this Court. However, it has been written upon by the dissent and will be considered herein. Judgment was rendered for the appellees for title to and possession of the 1.012 acres of land in the Thomas Garvin Survey of Dallas County, Texas.

The case is before this Court upon eighteen points of error; however, for briefing purposes the points have been combined into six points and will be so considered. The first group of points urge error upon the trial court in its finding of title by adverse possession under the 10-year statute of limitations, Article 5510, Tex.Rev.Civ.Stat. because of no evidence and insufficient evidence. It is undisputed that appellees had no record title to the 1.012 acres of land in the Thomas Garvin Survey (the land in question) as its deed was to a one acre tract in the A. Bledsoe Survey. However, it is apparent that appellees and their predecessor trustees were, until this action was brought, under the impression that the 1.012 acres of land in the Thomas Garvin Survey was the one acre conveyed by the 1884 deed. The trial court found that the members of the White Rock Chapel Church built a permanent log church on the premises in question in the year of 1884 and used the same for sufficient time and under circumstances to ripen title under the 10-year statute of limitations. The Supreme Court of Texas in the case of *Brohlin v. McMinn,* 161 Tex. 319, 341 S.W.2d 420 (1960), stated " . . . it is the policy of this state to give effect to an adverse holding, even by a naked possessor, when the adverse holding measures up to the statutory requirements so that title by limitation may be acquired by one who has neither title, color of title, nor muniment of title duly registered. The claimant is required only to have had the exclusive, peaceful and adverse possession of the land under a claim of right for not less than ten years. . . . When the statutory re-

quirements are complied with, title is vested in the adverse claimant as completely as by a deed or patent, and the title that is created constitutes a chain of title from the sovereignty of the soil. *Burton's Heirs v. Carrell,* 96 Tex. 320, 72 S.W. 581." In considering a "no evidence" point of error, this Court is required to consider only that evidence which supports the finding and then in its most favorable light. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). As to an "insufficient evidence" point, it is the duty of this Court to consider and weigh all of the evidence in the case and remand the cause only if it concludes that the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate,* supra. This distinction is set forth clearly in the case of *Cramer v. White,* 546 S.W.2d 918 (Tex.Civ.App. Fort Worth 1977, writ ref'd n. r. e.). A review of the record under the foregoing guidelines demonstrates that the trial court's finding that title to the 1.012 acres was acquired by the Church by adverse possession for a period of time from 1884 to 1895 and through 1918 is supported by the evidence. Once so acquired, such title vested as completely as by deed or patent. There is no contention here made that appellees' title, if any, was divested by conveyance or adverse claim. It is undisputed that the early trustees upon the receipt of the deed to the one acre tract in the A. Bledsoe Survey took possession of the land in question, built a log church thereon, a caretaker lived there in a tent and worship services were had on a regular basis. Clearly this was an open and visible use and appropriation of the land by the church and constituted actual and constructive notice to the owner which continued for a period of time in excess of ten years. Even though the deed to the one acre tract of land does not convey the land in question, it is evidence of the amount and dimensions of the land claimed by the appellees and their predecessors. The judgment of the trial court is amply supported by the evidence and appellant's first group point is overruled.

■ Appellant's second group point and point of error No. 5 are also of "no evidence" and "insufficient evidence" complaining of appellees' failure to establish the boundaries of the 1.012 acre tract prior to the survey of 1975. This group of points and point No. 5 are likewise overruled. The remains of the old church were upon the land and signs of fences were along the West and North and the surveyor was aware and had the use of the 1884 metes and bounds description and was aided in his survey by two persons familiar with the use of the property directly and through their ancestors.

Appellant's third group of points is essentially the same as its first group, that is, "no evidence" and "insufficient evidence" to establish when or if the trustees went into possession, who constructed the log structure or who erected the caretaker's tent. This group of points is also overruled for the same reasons as stated in the discussion of the first group of points.

■ The dissent contends that an unincorporated association is incapable of acquiring title by limitation. It is true that an unincorporated association may not acquire title *in its associational name,* but it may acquire, hold and dispose of *real* property through elected trustees and their successors. Likewise, an unincorporated association which adversely occupies and possesses land in the required manner and for the proper length of time may acquire title by limitation by and through its trustees. *Bridges v. Henson,* 216 Ga. 426, 116 S.E.2d 570 (1960), affm'd, *Henson v. Bridges,* 218 Ga. 6, 126 S.E.2d 226 (1962); *Booth v. Mason,* 241 Ark. 144, 406 S.W.2d 715 (1966); *Burton v. Griffith,* 226 Ark. 641, 291 S.W.2d 516 (1956). The possession of the members for associational purposes is constructively the possession of the trustees who represent the association. Although we have found no Texas case exactly in point, two recent cases inferentially support this view. In *Wicks v. Langford,* 320 S.W.2d 707 (Tex. Civ.App. Eastland 1959, no writ), the acquisition of an adverse possession title by an unincorporated religious society failed only

because one of the church trustees was also a part record owner of the land, thus bringing into play the rule that possession with knowledge and consent of the record owner is presumed to be with the acquiescence of the owner and therefore not adverse. And in *Sherman v. Whittenburg,* 357 S.W.2d 172 (Tex.Civ.App. Austin 1962, no writ), the trustees of an unincorporated Baptist church were held to have had such possession on behalf of their church as to entitle them to claim the benefit of the doctrine of prior peaceable possession. Public policy also supports this view. The adverse possession statutes were primarily designed to repose land titles and to afford protection against the loose methods of conveyancing which obtained in the early days of our State. *Wilson v. Daggett,* 88 Tex. 375, 31 S.W. 618 (1895). If individuals may take advantage of those statutes, there appears to be no good reason why other individuals, when joined together in an association and acting through duly elected trustees, may not also.

■ Appellant's final group of points complains of evidentiary findings of the trial court, which if found to be incorrect would not require the reversal of the trial court. The fact that the church was not used exclusively by church members and that Minnie Moody's and Willie Mae Sowell's parents may not have attended regularly would be of no consequence.

■ Finally, appellant complains of the trial court's finding of a chain of title from the sovereignty of the soil. Such finding was altogether proper. *Brohlin v. McMinn,* supra.

The judgment of the trial court is affirmed.

CORNELIUS, C. J., concurs.

RAY, Justice, dissents.

I dissent. I believe the trial court committed fundamental error in granting a recovery in favor of the intervenors because they admittedly had no personal interest in the property in question. The record in this case shows that J. O. Allen, Willie Mae Sowell and Minnie Moody sued appellant in their capacities as trustees of White Rock Chapel Church. There was no proof that the White Rock Chapel Church was a business corporation, or a non-profit corporation under the provisions of the Texas Non-Profit Corporation Act, Article 1396–1.01, et seq., Tex.Rev.Civ.Stat.Ann., or that the trustees of the church were acting within the general powers of Article 1396–2.02, Tex.Rev.Civ.Stat.Ann. Further, there was no proof of any trust under which appellees purported to act and no proof of any by-laws, rules and regulations by which the church was organized or governed. By deduction, it must therefore be inferred that the White Rock Chapel Church was and is an unincorporated association.

It is my opinion that an unincorporated voluntary association is incapable of acquiring title by adverse possession since the association has no capability of taking legal ownership of the property. In other words, absent statutory authority, a voluntary association is not a legal entity capable of owning land. It has been stated, however, that the members of a voluntary association may hold title to property jointly as individuals. *Gribble v. Call,* 123 S.W.2d 711, 713 (Tex.Civ.App. Eastland 1938, writ dism'd judgmt. cor.).

In the present case the trial court held that "Intervenors, by and through their predecessor Trustees acquired title to the land as described by peaceable and adverse possession from 1884 through 1895 and thereafter under Article 5510, T.R.C.S." and "Title vested in the Trustees of WHITE ROCK CHAPEL CHURCH after expiration of the limitation period by virtue of Article 5510, T.R.C.S."

While the church as an unincorporated association could not acquire title to the property, there was no reason why the trustees as individuals for themselves and jointly with their associates, could not acquire title by limitation. *Gribble v. Call,* supra; Annot., 4 A.L.R.2d 123. I am of the opinion that the original trustees, B. F. Turner, Wm. Harris, G. W. Coit, F. Brigham and J. Coit, could have matured title in themselves

814

under the ten-year statute of limitations, but there is no evidence that they claimed the property for themselves individually. There is authority that unless they had set up the claim in their own right, they could not have acquired title by limitation. *Heiskell v. Trout,* 31 W.Va. 810, 8 S.E. 557, 561 (1888). Also, in *Salem Church of United Brethren v. Numsen,* 191 Md. 43, 59 A.2d 757 (1948), it is stated that the weight of authority seems to hold that the trustees of unincorporated religious associations cannot acquire title by adverse possession. Assuming that the original trustees had matured title in themselves individually, the proof does not show that intervenors have brought this suit claiming to be heirs or grantees of those individuals. Appellees did not attempt to prove title in themselves individually. It thus appears that appellees are not entitled to any recovery. 2 Tex. Jur.2d, Adverse Possession, Sec. 14, p. 74; 2 C.J.S. Adverse Possession § 21, p. 672 and § 23, p. 674.

This case is not to be confused with situations in which conveyances of properties are made to the trustees of a church for the uses, benefits and purposes of the church. See *Methodist Episcopal Church v. Roach,* 51 S.W.2d 1100 (Tex.Civ.App. Texarkana 1932, no writ); 6 Tex.Jur.2d, Associations and Clubs, Sec. 7, p. 522; 50 Tex.Jur.2d, Rev., Religion, Etc., Sec. 22, p. 85. Legal title to property may be conveyed to and vested in the trustees of an unincorporated association to hold the property in trust for the benefit of the members of such association. *Methodist Episcopal Church v. Roach,* supra; *Brown v. Clark,* 102 Tex. 323, 116 S.W. 360 (1909). It has always been held that a grant to an unincorporated association will not fail for want of a grantee since, in such a case, title vests in its members. *Edwards v. Old Settlers' Ass'n,* 166 S.W. 423, 426 (Tex.Civ.App. Austin 1914, writ ref'd); *U. S. Royalty Ass'n. v. Stiles,* 131 S.W.2d 1060, 1063 (Tex.Civ.App. Amarillo 1939, writ dism'd judgmt. cor.).

Intervenors filed their claim solely as successor trustees of White Rock Chapel Church asserting that the original trustees of the church had acquired the title to the land by peaceable and adverse possession for a period of ten years. Since I do not think that the trustees of an unincorporated association can acquire title by adverse possession, for the association, I would reverse the judgment of the trial court and render judgment that appellees take nothing. Further, I would reverse the judgment of the trial court because I do not believe there is any evidence to show that the original claimants were claiming this specific tract by adverse possession. The tract was not enclosed by fence and appellees failed to prove a "claim of right," because they failed to show that the original claimants entered upon the land with the intent to claim the land as their own and to hold it to the exclusion of all others as required by Articles 5510 and 5515, Tex.Rev.Civ.Stat. Ann. *Brohlin v. McMinn,* 161 Tex. 319, 341 S.W.2d 420 (1960); *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781 (1954); *Houston Oil Co. of Texas v. Stepney,* 187 S.W. 1078, 1084 (Tex.Civ.App. Beaumont 1916, writ ref'd); *Orlando v. Moore,* 274 S.W.2d 86 (Tex.Civ.App. Waco 1954, writ ref'd n. r. e.).