No. 03-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 240

SHIRLEY A. FULTON and GRIZZLY COLLECTIONS,
LLC,

      Plaintiffs and Appellants,

   v.

WILLIAM M. FULTON, a/k/a WILLIAM M. FULTON, JR.,

      Defendant and Respondent.


APPEAL FROM:    District Court of the Ninth Judicial District,
                     In and for the County of Toole, Cause No. DV 2001-23,
                     The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Thane P. Johnson, Werner, Epstein & Johnson, PLLC, Cut Bank, Montana

        For Respondent:

        Douglas C. Allen, Corder & Allen, Great Falls, Montana


               Submitted on Briefs:  November 25, 2003

                        Decided:   August 31, 2004

Filed:


_____
                         Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Shirley Fulton (Shirley) filed an action to renew a judgment for monthly maintenance payments against her ex-husband William Fulton (William) in the Ninth Judicial District Court, Toole County.  The District Court held that Shirley's claim was barred by the statute of limitations.  We reverse the District Court.

¶2     The sole issue we address on appeal is whether the District Court erred when it concluded that Shirley's action was barred by the ten-year statute of limitations set forth in § 27-2-201(1), MCA.

## BACKGROUND

¶3     Shirley Fulton obtained a Judgment and Decree of Dissolution of Marriage (Decree) from William Fulton in Arizona on October 23, 1987.  The Decree required William to pay Shirley $3500 per month for spousal maintenance for ten years.  William has not made a maintenance payment since August 1, 1988.

¶4     Shirley petitioned to have the judgment recognized in Montana on January 22, 1997. On August 15, 2001, Shirley filed an action to renew her judgment for monthly maintenance payments that accrued less than ten years ago.  William responded that the judgment was barred by the ten-year statute of limitations as codified at § 27-2-201(1), MCA.

¶5     Shirley and William filed cross-motions for summary judgment.  The District Court granted summary judgment in favor of William.  Shirley appeals.

## STANDARD OF REVIEW

¶6     This Court's standard of review in appeals from summary judgment rulings is *de novo*.

2

We review a summary judgment order entered pursuant to Rule 56, M.R.Civ.P., based on the same criteria applied by the district court. In proving that summary judgment is appropriate, the movant must demonstrate that no genuine issues of material fact exist. Once this has been achieved, the burden shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue of fact does exist. If the district court determines that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. This is a legal determination that we review for error. *Tvedt v. Farmers Ins. Group of Cos.,* 2004 MT 125, ¶¶ 17-18, 321 Mont. 263, ¶¶ 17-18, 91 P.3d 1, ¶¶ 17-18 (citations omitted). Because summary judgment is an extreme remedy which should not be a substitute for a trial on the merits if a material factual controversy exists, all reasonable inferences which can be drawn from the evidence presented should be drawn in favor of the non-moving party. *Sherner v. Conoco, Inc.,* 2000 MT 50, ¶ 9, 298 Mont. 401, ¶ 9, 995 P.2d 990, ¶ 9.

## DISCUSSION

¶7     Did the District Court err when it concluded that Shirley's claim was barred by the ten-year statute of limitations set forth in § 27-2-201(1), MCA?

¶8     The District Court reasoned that Shirley's claim was barred by the ten-year statute of limitations set forth in § 27-2-201(1), MCA, because all elements of her claim for maintenance existed on October 23, 1987. Section 27-2-201(1), MCA, states:

> (1) Except as provided in subsections (3) through (5), the period prescribed for the commencement of an action upon a judgment or decree of any court of record of the United States or of any state within the United States is within 10 years.

3

Subsections (3) through (5) contain specific exemptions for collection of child support and restitution. The rule which defines when a cause of action has accrued is set forth in § 27-2-102, MCA:

> (1) For the purposes of statutes relating to the time within which an action must be commenced:
> (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.

¶9 The District Court treated the judgment for maintenance as a "lump-sum" award rather than a series of installment payments. According to the District Court, Shirley, therefore, had ten years from the date of the judgment–until October 23, 1997–to file her claim for William's nonpayment. The District Court also cited to the Arizona case *Cummings v. Lockwood* (Ariz. 1958), 327 P.2d 1012, for the proposition that a monthly maintenance award is characterized as a lump-sum award under Arizona law.

¶10 Shirley argues that the ten-year statute of limitations did not begin to run until each maintenance installment became due. She contends the District Court erred by interpreting the judgment as a lump-sum award rather than as being due in installments. We agree with Shirley.

¶11 The District Court erred in its interpretation of the Decree. First, the Decree itself did not characterize the maintenance as a lump-sum award; it required monthly payments for ten years. Pursuant to § 27-2-102(1), MCA, a claim does not accrue until all elements of the claim or cause exist or have occurred. Any claim for William's nonpayment of maintenance could not have accrued until each individual payment was due. It did not accrue on October

4

23, 1987, the date the maintenance was awarded, as the District Court concluded.

¶12 Second, we find that the District Court erred by relying on *Cummings*. *Cummings* is distinguishable from the present case. At issue in *Cummings* was a divorce decree which stated that the husband had to pay $75 per month "for a period of six (6) months only as and for alimony payments." *Cummings*, 327 P.2d at 1014. Based on the wording in the decree, the court concluded that it was in effect the award of a gross or lump sum to be paid in installments. *Cummings*, 327 P.2d at 1014. Here, the Decree contains language explicitly limiting Shirley's award. If Shirley predeceases William, his obligation ends. If William predeceases Shirley, she cannot be awarded more than 25% of William's total estate. William and Shirley's Decree lacks a definite amount that would be required to treat it as a lump-sum.

¶13 Third, this Court has applied § 27-2-201(1), MCA, in an analogous case, *In re the Marriage of Hooper* (1991), 247 Mont. 322, 806 P.2d 541. In *Hooper*, we held that in the context of child support, a parent is entitled to arrearages to payments due within the statute of limitations. *Hooper,* 247 Mont. at 327, 806 P.2d at 544. Section 27-2-201(3), MCA, which contains a specific exception for child support payments, was not in existence at the time we decided *Hooper*. The legislature passed the child support exemption in 1993. We see no reason to treat maintenance payments differently in this instance than we treated child support under the 1991 version of § 27-2-201, MCA.

¶14 In conclusion, we hold that when a judgment award requires monthly payments, for purposes of applying the statute of limitations, each payment is to be treated as a separate

5

installment.  We reverse the District Court.

/S/ JIM REGNIER

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE