No. 04-354

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 350

GARY EDWARDS, ROBERT CRESSMAN, and
YELLOWSTONE RIVER LANDOWNERS
CORPORATION, a Montana corporation,

        Plaintiffs and Appellants,

    v.

GREG BURKE and PINECREST
HOMEOWNERS ASSOCIATION,

        Defendants and Respondents.


APPEAL FROM:    The District Court of the Twenty-Second Judicial District,
                        In and For the County of Stillwater, Cause No. DV 2001-20,
                        Honorable Randal I. Spaulding, Presiding Judge


COUNSEL OF RECORD:

        For Appellants:

                Brian Kohn, Attorney at Law, Billings, Montana

        For Respondents:

                Michael Anderson and Richard Phillips, Anderson & Liechty,
                Billings, Montana


                          Submitted on Briefs:  November 4, 2004

                                    Decided:  December 14, 2004

Filed:

             _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Gary Edwards, Robert Cressman, and Yellowstone River Landowners Corporation appeal from a grant of summary judgment to Respondents Greg Burke and Pine Crest Homeowners Association.  We dismiss for lack of jurisdiction on the grounds that Appellants do not have standing to bring their action.

¶2     We address the following issue on appeal:

¶3     Whether Appellants are tenants in common with the members of Pine Crest Homeowners Association in the ownership of Tract 3.

### FACTUAL AND PROCEDURAL BACKGROUND

¶4     The roots of this story arise in 1985 when various owners of a subdivision of largely undeveloped land along the Yellowstone River created the Pine Crest Homeowners Association (Association).  The Association's founding articles described the land as follows: "Pine Crest Ranch, 3rd Filing, Certificate of Survey 24651, Stillwater County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of said County under Document No. 242651."  "Pine Crest Ranch" consists of close to two hundred tracts of land.

¶5     The Association's articles of association specifically defined membership and voting privileges based on membership. Initial membership was given to "[e]ach person who owns property to which the only practicable means of vehicular access consists of roads lying within the boundaries of the Pine Crest Ranch . . . ." Similarly, subsequent membership was prospectively given to persons who acquired property meeting the same criteria.

2

¶6 In 1988 one of the members of the Association, the Wing Corporation, transferred by warranty deed a tract of Pine Crest Ranch–Tract 3–to the Association itself. According to the deed the Association's ownership of Tract 3 was subject to

> an easement allowing the owners of Tracts 1 and 2, Pine Crest Ranch, Second Filing, Certificate of Survey No. 242650, Tracts 1-9, Pine Crest Ranch, First Filing, Certificate of Survey No. 242649, Tract 3-A as shown on Amended Certificate of Survey No. 255402, Tracts 1-196, Pine Crest Ranch, Third Filing, Certificate of Survey No. 242651 . . . to enjoy the perpetual and non-exclusive right to use and enjoy for themselves and the other residents of Pine Crest Ranch Subdivision . . . for recreational purposes including, but not limited to hiking, fishing, picnicing and horseback riding.

Thus, Tract 3 was deeded to the Association subject to easements held by individual owners of various lots in the Pine Crest Ranch Subdivision. According to Appellants, Tract 3 is known as the "common land" because of the recreational use it offers to all residents of Pine Crest Ranch.

¶7 Not long afterwards, in 1990, a developer in the subdivision, which at that time was a member of the Association, formed its own homeowners group, the Yellowstone River Landowners Corporation (Yellowstone). According to Yellowstone's covenants, as amended in 1993, its membership is comprised of the owners of a number of specific tracts in Pine Crest Ranch, 3rd Filing. These tracts constituted many, but not all, of the tracts then in the membership of the Association.

¶8 In 1996, and then again in 1997, the articles of the Association were amended. The amendments altered the composition of its membership. Instead of defining membership through accessibility to property, the articles now simply state, "Each person who owns property within the boundaries of the Pine Crest Ranch shall be a member . . . ." However,

3

the definition of "Pine Crest Ranch," as it is used in the amended articles, also changed. Now, instead of referring to "Pine Crest Ranch, 3rd Filing" as a whole, the articles referred to "Pine Crest Ranch, 3rd Filing . . . Tracts numbers 1-32, 166-170, 175, 179-196." These tracts are precisely the tracts in Pine Crest Ranch, 3rd Filing, that are not a part of Yellowstone. Therefore, with this amendment, property owners who were members of Yellowstone, and Yellowstone itself, ceased to be members of the Association.

¶9 The disputes comprising this action arose around the year 2000 when one Dan Sayer purchased Tract 2. That tract abuts Tract 3, the "common land." Fearing that local "vandals, hedonists, and thieves" were using Tract 3 to "party," Appellants and other local residents installed a fence and locked gate on a road that leads to Tract 3. Although Appellants supplied local residents, including Sayer, with the combination to the lock, its presence created a problem for Sayer. This was because the road also led to the house he was building on Tract 2, and he would have to unlock the gate whenever a contractor, or other visitor, would come to the building site. This would sometimes occur several times a day. After making requests that went unanswered, Sayer and the Association took matters into their own hands and moved the gate. Respondent Greg Burke, as the owner of adjoining Tract 1 and the previous owner of Tract 2, was also involved in the controversy, and is alleged by Appellants to have unlawfully erected fences on the common ground.

¶10 Yellowstone and Appellants Edwards and Cressman, both members of Yellowstone, brought this suit against Sayer, Burke, and the Association. The District Court granted Respondents summary judgment and Appellants now appeal. However, after briefing in this

4

Court had already began, Appellants settled with Sayer and their appeal as it regards him was dismissed with prejudice. Appellants still wish us to proceed with their appeal as it relates to Burke and the Association. They seek recognition as tenants in common with the members of the Association in the ownership of Tract 3 so that they will then have a say in the gating and fencing of the land. We conclude that they do not have an ownership interest in Tract 3 and that therefore they have no standing to bring this action.

## STANDARD OF REVIEW

¶11     We review a grant of summary judgement *de novo*. *Fulton v. Fulton*, 2004 MT 240, ¶ 6, 322 Mont. 516, ¶ 6, 97 P.3d 573, ¶ 6. "If the district court determines that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. This is a legal determination that we review for error." *Fulton*, ¶ 6 (citing *Tvedt v. Farmers Ins. Group of Cos.*, 2004 MT 125, ¶¶ 17-18, 321 Mont. 263, ¶¶ 17-18, 91 P.3d 1, ¶¶ 17-18). The parties do not dispute any genuine issues of fact.

## ISSUE

¶12     *Whether Appellants are tenants in common with the members of Pine Crest Homeowners Association in the ownership of Tract 3.*

¶13     Appellants claim that under the common law rule barring unincorporated associations from owning real property, Pine Crest Homeowners Association, as an unincorporated association, could not have owned Tract 3 when it was deeded to the Association in 1988. Because the Association cannot own land, Appellants contend, the ownership defaulted to the members of the Association. Since Yellowstone (a legally recognized corporation),

5

Edwards, and Cressman all own land that would have made them members in 1988, the Appellants reason that they are now among the owners of Tract 3.

¶14    Respondents counter with two arguments. First, they claim that the Appellants have no standing as they did not actually own the land in 1988. Yellowstone was not formed until 1990, Edwards did not obtain his property until 1991, and Cressman not until some time later. Second, Respondents argue that the common law rule barring unincorporated associations from owning property should not apply here.

¶15    The District Court agreed with the second contention and held that the Association can own property. It distinguished our decision in *Winchell v. Dep't of State Lands* (1993), 262 Mont. 328, 865 P.2d 249, and recognized that many states have moved away from the common law rule and recognized ownership rights of unincorporated associations even in the absence of a statute creating such rights. We determine that it is unnecessary for us to rule on this issue. The more fundamental question before us is whether Appellants are tenants in common with the Association's members in the ownership of Tract 3. We conclude that whether the Association or merely its members own Tract 3, the Appellants do not have any ownership interest in the property.

¶16    If the Association itself owns the property, then the ownership is to the exclusion of all others including the Appellants.[1] In this case, ownership would have shifted to the Association in 1988 and not to its members. Therefore, neither the Appellants, nor current members, would be tenants in common in Tract 3's ownership. Alternatively, even

_____

[1]The Association was incorporated in July, 2001, after this action had commenced. Whatever impact this has on the current state of the property, it is not a material fact to our decision.

6

assuming the Association, as an unincorporated association, could not have owned Tract 3, ownership would have passed to the Association's trustees or members. Appellants, however, are not trustees or members of the Association, and therefore have no ownership interest.

¶17 Under common law an unincorporated association cannot own land unless a statute empowers it to do so. *Krumbine v. Lebanon Tax Claim Bureau* (Pa. 1995), 663 A.2d 158, 160. Because Montana has no such statute we followed this rule in *Winchell*. *Winchell*, 262 Mont. at 335-36, 865 P.2d at 253. There, we were not directly faced with the question of who should be considered the owner in lieu of an unincorporated association, but we adopted the reasoning of a case that addressed that issue, *OKC Corp. v. Allen* (Tex.Civ.App. 1978), 574 S.W.2d 809. In *OKC* the Texas Court of Civil Appeals did not recognize an unincorporated association as entitled to own land. *OKC Corp.*, 574 S.W.2d at 812. However, the court did allow the trustees of the association to hold the property. *OKC Corp.*, 574 S.W.2d at 812. As we recognized in *Winchell*, although it is often difficult to identify a "legal, identifiable party . . . responsible for liability" when an unincorporated association purportedly owns property, the presence of "identifiable trustees" of the association makes for a group that can take responsibility for the duties of ownership, and that therefore possess the land in lieu of the association. *See Winchell*, 262 Mont. at 334-35, 865 P.2d at 253.

¶18 This approach to ownership comports with the rule in many other jurisdictions that do not allow unincorporated associations to own real property. *See, e.g., Krumbine*, 663

A.2d at 161 ("[L]egal title to property vests in the trustees of an unincorporated association . . . ."); *Crane v. Crane* (Utah 1984), 683 P.2d 1062, 1067 ("[A] conveyance to an unincorporated association made up of an ascertainable membership will be given effect as a conveyance to the members as individuals."); *Trinity County v. Rourke* (Cal. 1969), 79 Cal.Rptr. 902, 904 (concluding that real property deeded to an unincorporated association vested ownership in the association's members). Generally, the association's members own the property as tenants in common. *Rehder v. Rankin* (Iowa 1958), 91 N.W.2d 399, 403 ("Although members of such an association generally have no severable or transferable interest in its assets, they are regarded as the beneficial owners in common thereof in equal shares . . . ."). This is more likely to be the case when the membership is easily ascertainable than when the members are diffuse and no standards are available to identify them. *Motta v. Samuel Weiser, Inc.* (1st Cir. 1985), 768 F.2d 481, 486 ("Without this limitation of an ascertainable membership, the public, or even the members of the association, would not have notice or be cognizant of who claimed ownership in a particular property.").

¶19    In this case, we have plain and easily discernable standards as to who is and is not a member of the Association. The members simply are the owners of the tracts listed on the Association's amended articles. The membership includes Respondent Burke but does not include any Appellants. Therefore, we can conclude that even if we were to determine that the members of the Association, and not the Association itself, own Tract 3 as tenants in common, Appellants are not party to that tenancy.

¶20    Given the reasoning in their brief, we can assume that Appellants would counter this conclusion by claiming that they now own land that would have entitled them to membership in the Association when Tract 3 was deeded in 1988. However, such a proposition does not comport with the nature of member "ownership" in an unincorporated Association. As quoted above in the *Rehder* case, when members own an association's property in lieu of the association, the "members of such an association generally have no severable or transferable interest in its assets" but "are regarded as the beneficial owners in common." 91 N.W.2d at 403. Members only "own" the property as members. When they lose that membership, whether by their own actions or by the actions of other members, they lose their ownership interest. As stated our sister court in Wyoming:

> In the absence of provisions in the constitution or by-laws giving members an individual interest in the assets of a voluntary association, members who withdraw thereby lose their rights to association property, title to which stays in the members remaining in the association, and the rule applies whether membership is terminated by the member's own act or omission or by the act of the society. This rule applies even where a number of members secede in a body . . . .

*DeBruyn v. Golden Age Club of Cheyenne* (Wyo. 1965), 399 P.2d 390, 392-93 (quoting 7 C.J.S. Associations § 27b); *accord Raulston v. Everett* (Tex. Civ. App. 1978), 561 S.W.2d 635, 638 (also citing C.J.S.); *Liggett v. Koivunen* (Minn. 1948), 34 N.W.2d 345, 350 (also citing C.J.S.).

¶21    Neither the 1997 nor 1988 version of the Association's articles gave members an individual interest in Association property. Therefore, when the articles were amended Appellants ceased to be members of the Association and to have any ownership interest in Tract 3. Furthermore, Appellants try to have it both ways in arguing that ownership of Tract

9

3 passed to the Association's members in 1988. As we stated earlier, Appellants were not even members in 1988. How could an ownership interest in Tract 3 pass to them when they later became members, but then not divest when they ceased to be members? Appellants' argument on the ownership of Tract 3 fails.

## CONCLUSION

¶22 Appellants are not tenants in common with the members of the Association in the ownership of Tract 3. The only interest Appellants have in Tract 3 is in the recreation easement granted to them by the Tract's 1988 deed. We reiterate that we do not decide whether the Association itself owns Tract 3 or whether it is owned by its members as tenants in common. What we decide is that in either case Appellants have no ownership interest in Tract 3. Therefore, Appellants do not have standing to bring this action and this case is dismissed for lack of jurisdiction.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE