FILED

August 11 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0803

DA 14-0803

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 239

AMERICAN STATES INSURANCE
COMPANY,

        Plaintiff and Appellee,

    v.

FLATHEAD JANITORIAL & RUG SERVICES,
INC. and MARK RAY NOLAND AND
KATHERINE ANN NOLAND, as permanent
co-guardians of BRIDGETT NOLAND, an
incapacitated person,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and For the County of Flathead, Cause No. DV 12-570C
                      Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                James M. Ramlow, Ramlow & Rudbach, PLLP, Whitefish, Montana

                P. Sterling Kerr, Law Offices of P. Sterling Kerr, Henderson, Nevada

        For Appellee:

                Carey E. Matovich, Katherine S. Huso, Matovich, Keller & Murphy, P.C.,
                Billings, Montana

                                Submitted on Briefs:  May 20, 2015
                                       Decided:  August 11, 2015

Filed:

                                   Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Flathead Janitorial & Rug Services, Inc. (Flathead Janitorial), Mark Ray Noland, Katherine Ann Noland, and Bridgett Noland (Nolands) appeal from an order entered by the Eleventh Judicial District Court, Flathead County, granting summary judgment for American States Insurance (American States). We affirm.

¶2     We consider the following issue on appeal:

*Did the District Court err in concluding that Bridgett was not covered under the commercial automobile policy issued to Flathead Janitorial?* [1]

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Bridgett suffered severe, permanent, and debilitating injuries in a December 2011 accident near Orem, Utah when the bicycle she was riding collided with a truck making a negligent turn. Due to her injuries, she requires full-time care from her parents. At the time of the accident, Bridgett was attending college in Utah, had a Utah driver's licenses, and was employed by a Utah business. It was undisputed that Bridgett was not employed for Flathead Janitorial or occupying a company vehicle at the time of the accident.

¶4     Flathead Janitorial is a closely held corporation principally located in Kalispell, Montana, and owned by Bridgett's parents, the Nolands. Flathead Janitorial was the Named Insured under a policy issued by American States running from September 25, 2011 to September 25, 2013 (Policy). There were 27 company-owned vehicles identified in the Schedule of Covered Autos in the Policy's Declarations. Attached to the Policy was a letter

---

[1] The Nolands raise a second issue: whether Bridgett is entitled to stacked coverage under the commercial automobile policy issued to Flathead Janitorial. Based upon our resolution of coverage, we do not reach the merits of this issue.

2

from American States requesting review of the Policy's list of drivers before its renewal date to ensure accurate coverage. The correspondence provided:

> Your policy has been issued based on the driver's listing below. In order to insure that your policy is issued with the most current information, please review this list and update as necessary.

Bridgett was listed as a driver in this correspondence.

¶5 After the accident, Bridgett received the liability policy limits from the truck driver's insurance company, and Underinsured Motorist (UIM) and Medical Payment (MP) benefits under two personal automobile insurance policies for which Bridgett was the insured. The Nolands allege, however, that these amounts are insufficient to cover Bridgett's medical needs and accordingly seek UIM and MP coverage under the American States commercial automobile policy issued to Flathead Janitorial.

¶6 American States denied Bridgett coverage and filed a complaint seeking a declaratory judgment that Bridgett was not covered under the UIM or MP sections of the Policy. The Nolands counterclaimed, arguing that Bridgett was an Insured under the Policy and, additionally, that the UIM and MP benefits should be "stacked."

¶7 After completion of discovery, both parties filed cross-motions for summary judgment on the issue of coverage and stacking of benefits. The District Court ruled in favor of American States concluding that "[b]ecause Bridgett was not occupying a vehicle owned by Flathead Janitorial and covered by the Policy when she was injured, she does not qualify for coverage under the Policy as a matter of law." Having concluded that Bridgett was not covered by the Policy, the District Court did not address the stacking issue.

## STANDARDS OF REVIEW

3

¶8    This Court reviews a grant for summary judgment by the district court de novo. *Lee v. Great Divide Ins. Co.*, 2008 MT 80, ¶ 9, 342 Mont. 147, 182 P.3d 41. Pursuant to M. R. Civ. P. 56(c), summary judgment is proper if the facts and record demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Matters involving interpretation of insurance contacts are issues of law which this Court reviews for correctness. *Fisher v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 208, ¶ 15, 371 Mont. 147, 305 P.3d 861.

## DISCUSSION

¶9    *Did the District Court err in concluding that Bridgett was not covered under the commercial automobile policy issued to Flathead Janitorial?*

¶10    The Nolands argue that the Policy is ambiguous as a matter of law because the Policy's use of certain terms ("you," "your," "family members," and "pedestrian") creates an ambiguity as to who is an insured. The Nolands argue that because a corporation cannot "occupy" an auto, cannot be a "pedestrian"[2], and cannot be struck by an auto, that the Policy is not clear as to who is the insured. The Nolands further maintain that the letter from American States requesting review of the Policy's list of drivers creates an ambiguity as to whether those drivers identified in the list were insured by the Policy. Finally, the Nolands assert that Bridgett's status as a family member of shareholders of a closely held corporation makes her an insured under the Policy.

---

[2] Bridgett contends that because the definition of "auto" does not include bicycles, and the Policy does not include a definition of "pedestrian," that cyclists may be assumed to be pedestrians. Because we conclude that Bridgett was not a Named Insured, which initially is required to trigger coverage, it is not necessary to decide whether the Policy includes a cyclist in its definition of "pedestrian."

4

¶11    American States contends that the Policy clearly and unambiguously states that the named insured is Flathead Janitorial. It argues that the Policy's terms do not extend coverage to drivers when not occupying a covered "auto" and that coverage does not extend to Bridgett as a "family member" because Flathead Janitorial is not a natural person.

¶12    Issues surrounding the terms of an insurance contract present questions of law and terms must be interpreted according to their usual, common sense meaning viewed from the perspective of a reasonable insurance consumer. *Fisher*, ¶ 15. The Court may not rewrite contracts, but must enforce them as written if their language is clear and explicit. *Stutzman v. Safeco Ins. Co. of Am.*, 284 Mont. 372, 376, 945 P.2d 32, 34 (1997).

¶13    The Policy states that it is a commercial and business policy. The Named Insured shown in the Policy's Declarations is Flathead Janitorial. The business is identified, without exception, as the sole Named Insured throughout the Policy. The Policy states that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations."

¶14    The policy further provides that the following are "insureds":

a.    You for any covered "auto".
b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
(1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
(3) Someone using a covered "auto" while he or she is working in a business or selling, servicing, repairing, parking or storing "autos" unless that business is yours.
(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower or any of their "employees, while moving property to or from a covered "auto".

5

(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c.     Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

Based upon the foregoing language, coverage is provided, in addition to the Named Insured, for persons occupying a covered auto—which are "[o]nly those 'Autos' described in Item Three of the Declarations for which a premium charge is shown," i.e., one of the 27 vehicles identified on the Schedule.

¶15    The Nolands argue that the MP section creates an ambiguity as to who is an insured because a corporation cannot physically "occupy" a covered auto or be a "pedestrian" or "family member". The Nolands maintain that because of this ambiguity the entire Policy is in doubt and must be construed in favor of coverage. The Policy defines an insured pursuant to its MP provision as follows:

B. Who Is An Insured

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

¶16    Under the clear language of the provision, Bridgett does not meet any of these definitions. "You" refers to the Named Insured, Flathead Janitorial, as expressly stated in the Declarations and throughout the Policy. Therefore, neither paragraphs 1 or 2 are applicable to Bridgett. If Bridgett is to qualify as an insured for MP benefits she must have

6

been occupying a covered vehicle at the time of the accident as described in paragraph 3. It is undisputed, however, that Bridgett was not occupying a covered auto at the time of the accident. We will not expand the terms of a policy to provide coverage when the terms and phrases are clear and unambiguous. *Lierboe v. State Farm Mut. Auto. Ins*. Co., 2003 MT 174, 316 Mont. 382, 73 P.3d 800 (denial of coverage was upheld where an injured passenger was in a vehicle that was not identified in the corporate policy); *Chilberg v. Rose*, 273 Mont. 414, 903 P.2d 1377 (1995) (coverage was limited to the insureds occupying vehicles listed in the policy at the time of accident). Here, we discern no ambiguity in the Policy when "you" has been defined as the Named Insured in the Declarations and throughout the Policy. "You" is a corporation and this is a corporate policy of insurance. The Policy limits coverage to the corporation and anyone else occupying a covered vehicle, which does not include Bridgett.

¶17    Under the UIM section of the Policy, an insured is defined as:

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":
   a. The Named Insured and any "family members".
   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

(Emphasis supplied.)

¶18     Again, only paragraph 2 of the UIM section applies to Bridgett because the Named Insured, Flathead Janitorial, is a corporation.  Flathead Janitorial is not an individual and paragraph 1 is accordingly inapplicable.  Pursuant to paragraph 2, Bridgett is an insured if she was occupying a "covered auto" or was entitled to recover for damages because of "bodily injury" sustained by another "insured".  As Bridgett was not in a "covered auto" and she did not sustain "bodily injury" as a result of injury caused by "another insured", neither definition applies under paragraph 2.   Bridgett, as a result, is not entitled to UIM coverage under the Policy.  Bridgett was injured while riding her bicycle and not while occupying a "covered auto".  We find no ambiguity in the use of "You", the Named Insured, and paragraph 2 of the UIM section in a corporate policy which has consistently identified the Named Insured as Flathead Janitorial.

¶19     In reaching our conclusion, we reaffirm certain well established principles.  First, insurance contracts are interpreted as a whole and we give no special deference to specific clauses. *Mitchell v. State Farm Ins. Co.*, 2003 MT 102, ¶ 26, 315 Mont. 281, 68 P.3d 703.  In construing the policy as a whole, we will, if possible, reconcile its various parts to give each meaning and effect.  *Farmers Alliance Mut. Ins. Co. v. Holeman*, 1998 MT 155, ¶ 25, 289 Mont. 312, 961 P.2d 114, 119, citing *Fitzgerald v. Aetna Ins. Co.*, 176 Mont. 186, 192, 577 P.2d 370, 373 (1978).  An ambiguity only exists where the contract, read and interpreted as a whole, is reasonably subject to two different interpretations.  *Anaconda Pub. Sch. v. Whealon*, 2012 MT 13, ¶ 21, 363 Mont. 244, 26 P.3d 125.  In interpreting the Policy as a whole, we conclude that it clearly and unambiguously identifies the named insured and those

8

who otherwise qualify for coverage. The definitions of who is insured under the specific UIM and MP sections may be construed consistently with the definition of the named insured.

¶20 Second, we considered in *Lee* a virtually identical ambiguity argument as presented here and held that when "you" is defined as the named insured throughout the policy, and the policy is identified as a corporate policy, the policy provisions limit the coverage to the corporation and to anyone else occupying a covered auto. We declined to "expand[] coverage to injured persons involved in the corporation who are not occupying vehicles covered under the policy at the time of the accident." *Lee*, ¶ 16. The Nolands' reliance on *Hanson v. Employers Mut. Cas. Co.*, 336 F. Supp.2d. 1070 (D. Mont. 2004), is misplaced. Here, in contrast to *Hanson*, Bridgett was not a shareholder of Flathead Janitorial or otherwise "involved in the corporation" at the time of the accident. More importantly, however, the insurer in *Hanson* "created an ambiguity by its interpretation of 'you' in the med-pay provision as being Gary Hanson individually, which directly conflicts with its interpretation of 'you' in the underinsured provision as being P.H. Moller Co., Inc." *Hanson*, 336 F. Supp. At 1077. ("Therefore, because of the ambiguity created by *[the insurer's] interpretation* of the insurance contract, Gary Hanson is an 'insured' under the UIM coverage of the [insurance] policy." (Emphasis added.)) *Hanson*, 336 F. Supp. At 1077. Under the Policy issued to Flathead Janitorial, at least one of the definitions under the MP section could apply to a corporation, thus removing any alleged ambiguity by providing an application of the MP section in the context of a corporate policy. Subparagraph 3 provides coverage to anyone in a covered "auto" and would include a covered "auto" of a

corporation.

¶21 Similarly, it is well settled that the insurance contract consists of the policy, declarations, and any riders, endorsements or application(s) that are designated as part of the policy. Section 33-15-316, MCA. The letter containing a list of drivers refers to the Policy as a separate document apart from the letter. The correspondence indicates that the Policy has been issued and premiums determined based upon the attached list of drivers and that the list should be reviewed by the insured so that the "policy is issued with the most current information . . . ." Although the District Court did not consider the letter due to a lack of proper foundation, we cannot reasonably conclude that the letter here has been designated as part of the policy. *See Vencor Inc v. National States Ins. Co.*, 303 F. 3d 1024, 1034 (9th Cir. 2002); *Alshwaiyat v. American Service Ins. Co.*, 986 N.E.2d 182, 191 (App Ct. 1st Dist. 2013); *National Chiropractic Ins. Co. v. Parsons*, 341 So. 2d 220, 221-22 (1976). The Nolands' claim that the Policy specifically identifies Bridgett is based upon her designation as a driver in this correspondence. As the letter is not part of the Policy, it cannot be the basis for establishing an ambiguity within the Policy or for an argument that Bridgett has been specifically named in the Policy.

¶22 Finally, we have consistently recognized the reasonable expectations doctrine and correspondingly held that the objectively reasonable expectations of insurance purchasers regarding the terms of their policies should be honored, even if a painstaking study of the policy would negate those expectations. *American Family Mut. Ins. Co. v. Livengood*, 1998 MT 329,¶ 32, 292 Mont. 244, 970 P. 2d 1054, (1998). When applying the doctrine, an insurance contract is to be interpreted from the viewpoint of a consumer with average

intelligence, with no training in the law or insurance. *Leibrand v. National Farmers Union Property & Casualty Co.*, 272 Mont. 1, 7, 898 P. 2d 1220, 1224 (1995). The Nolands' argument that because Bridgett was identified as a driver in the correspondence from American States she had a reasonable expectation of coverage under the UIM and MP portions of the Policy is unavailing. Bridgett was not the purchaser of the Policy, did not pay the premiums, and was not named in the Policy. Here, the Policy provided UIM and MP coverage for occupants of covered autos and those conducting business for the corporation. It would be unreasonable to expect that a corporate policy of insurance, clearly identifying the named insured as the corporation, would cover Bridgett when she was not occupying a covered vehicle or in any way conducting corporate business.

## CONCLUSION

¶23 Bridgett was not entitled to coverage because the Policy was a corporate policy, clearly identifying the Named Insured as Flathead Janitorial in its Declarations and throughout the Policy and, at the time of the accident, Bridgett was not occupying a covered auto. The definition of who is an insured for UIM and MP coverage does not create an ambiguity when construing the Policy as a whole. The MP section of the Policy pertaining to "family member" and "pedestrian" does not apply when the Named Insured has been identified as a corporation throughout the Policy. We conclude the District Court properly determined that American States was entitled to judgment as a matter of law.

/S/ LAURIE McKINNON

We Concur:

11

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE


Justice Michael E Wheat, dissenting.

¶24 I respectfully dissent from the majority. I would hold that the American States Policy is ambiguous and, construing the Policy against the insurer, declare Bridgett covered as a "family member" under the MP and UIM sections of the Policy.

¶25 I find the facts of *Hanson* to be squarely on point with the facts here and would adopt the rationale of the United States District Court for the District of Montana ("Federal District Court") in finding the language of the MP provision ambiguous. Like this case, *Hanson* involved a dispute between an insurer and the shareholders of a closely held corporation that held an insurance policy with the insurer. Following an automobile accident that injured one of the shareholders while a pedestrian, the shareholders argued that MP coverage should extend to them as individuals. The insurer maintained that the policy applied only to the corporation itself. The policy in *Hanson*, contained the *exact* MP language defining an insured as exists in the Policy at issue here. Both provisions define an insured as:

1. You while "occupying" or, while a pedestrian, when struck by any "auto."
2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto."

*Hanson*, 336 F. Supp. 2d at 1076.

¶26 The Federal District Court agreed with the shareholders. The court pointed out that throughout the policy the term "you" was used in reference to the named insured. *Hanson*,

12

336 F. Supp. 2d at 1077. For much of the policy, the term unambiguously referred to the corporation. However, in the MP coverage section, the definition of "you" was specifically modified such that it could not be reasonably understood to apply to a corporation. *Hanson*, 336 F. Supp. 2d at 1077. The court applied our well established principle that an ambiguity exists where the contract, taken as a whole, is reasonably subject to two different interpretations. *Hanson*, 336 F. Supp. 2d at 1077 (citing *Farmers Alliance Mut. Ins. Co.*, ¶ 25). Because one part of the policy could be read such that the only insured ("you") was the corporation, and another part of the policy could be read such that the insured ("you") *could not be* a corporation, the court concluded that the policy was ambiguous and, construing the policy against the insurer, ruled that the shareholder of the closely held corporation was an insured under the policy. *Hanson*, 336 F. Supp. 2d at 1077.

¶27    I find the Federal District Court's analysis to be persuasive and directly applicable to this case. The majority seeks to distinguish *Hanson* by pointing out that Bridgett herself is not a shareholder of Flathead Janitorial. This distinction is misplaced. Following *Hanson*, the MP coverage ambiguity should result in a determination that Mark and Katherine, as sole shareholders of the closely held Flathead Janitorial, are insureds under the entire Policy. Thus, Bridgett would be covered as a family member under section B(2) of the MP provision and under section 1(a) of the UIM provision, which states that "family members" are insureds for UIM coverage. Opinion, ¶¶ 15, 17.

¶28    The majority also seeks to distinguish *Hanson* because there the insurer admitted that the MP provision was ambiguous and paid MP benefits to the shareholder as an insured. The majority quotes language from *Hanson* indicating that the ambiguity only existed because

13

the insurer itself interpreted the definition of "you" differently in different sections. Opinion, ¶ 20. However, that rationale contradicts the established principle that the interpretation of an insurance contract, including whether the contract is ambiguous, is a question of law, not a question of fact. *Johnson v. Centennial Log Homes & Furnishings, Inc.*, 2013 MT 179, ¶ 25, 370 Mont. 529, 305 P.3d 781. Whether an insurance contract is ambiguous depends on the language of the contract itself, not the interpretation adopted by the insurer. As the *Hanson* court stated:

> Taken on its own, the uninsured motorist definition of who is covered is unambiguous, and legitimately excludes coverage of individuals who are not in covered autos at the time they are injured. But the insurance policy must be read as a whole. The medical payments definition of who is covered implicitly recognizes that "you" is an individual, while the uninsured motorist definition can be interpreted as referring to the corporate "you" only. Such an ambiguity must be construed in favor of coverage.

*Hanson*, 336 F. Supp. 2d at 1077.

¶29 Finally, the majority's reliance on our holding in *Lee* is misplaced. Though the majority characterizes the argument in *Lee* as "virtually identical" to that presented here, nothing in the *Lee* opinion indicates that the policy at issue there contained an ambiguous provision identical, or even similar, to the ambiguous MP provision present in *Hanson* and in this case. As I find the MP provision to be the crucially ambiguous part of the contract, its absence from the facts and analysis of *Lee* renders that case inapposite.

¶30 Like the *Hanson* court, I would hold that the Policy is inherently ambiguous, that Mark and Katherine are covered insureds under the Policy, and that Bridgett is covered as a "family member" under section B(2) of the MP provision and under section 1(a) of the UIM provision.

14

¶31     I respectfully dissent.


                                                /S/ MICHAEL E WHEAT