NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LISA SIDES, for herself and her daughter K.S., individually and on behalf of others similarly situated; et al.,

No. 23-35368

D.C. No. 1:20-cv-00053-SPW

Plaintiffs-Appellants,

v.

MEMORANDUM*

GLOBAL TRAVEL ALLIANCE, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted April 26, 2024
Missoula, Montana

Before:  MURGUIA, Chief Judge, and S.R. THOMAS and JOHNSTONE, Circuit Judges.

Lisa Sides, Julie Wrobel, Erin and Jackie Claunch, and Jennifer Wersland

(collectively, "Sides"), individually and on behalf of their putative class, appeal the

district court's order granting summary judgment for Global Travel Alliance, Inc.

We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

orders de novo, *Roberts v. Springfield Util. Bd.*, 68 F.4th 470, 474 (9th Cir. 2023), and we affirm.[1]

Global Travel sells school trips. Sides prepaid Global Travel for eighth-grade school trips planned for spring and summer 2020. Sides alleges Global Travel breached its contract with parents of travelers when it failed to offer or provide full refunds to parents whose children's trips were rescheduled or cancelled because of the COVID-19 pandemic. Global Travel argues the contract did not require it to fully refund prepaid trips that it rescheduled.

We must affirm the grant of summary judgment for Global Travel if it "show[ed] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the moving party who did not bear the burden of proof at trial, Global Travel "need[ed] only prove that there [was] an absence of evidence to support [Sides's] case." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Under Montana law, a party asserting breach of contract must show: "(1) a valid and enforceable contract;

---

[1] One of the named plaintiffs, Julie Swenson, accepted a transferable travel voucher. The parties agree that her breach-of-contract claim is subject to a valid accord-and-satisfaction defense, such that summary judgment was properly granted on her claims. And because we hold that Global Travel was entitled to summary judgment, we do not reach Sides's arguments that the district court abused its discretion by striking her class claims. *See Employers–Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 924 (9th Cir. 2007).

(2) breach of an express or implied contract duty or obligation; and (3) resulting contract damages." *Kostelecky v. Peas in a Pod LLC*, 518 P.3d 840, 859 (Mont. 2022); *see also* Mont. Code Ann. §§ 27-1-311, 28-2-102.

The contract between Global Travel and parents gave Global Travel "the right, at any time in its discretion and without liability or cost, to cancel any trip or portion of a trip, or make an alteration in itinerary, or accommodation, in the event of any trip being rendered unsafe." The parties agree that in spring and summer 2020, it was unsafe to go on the trips as scheduled. Sides and the other named plaintiffs received partial refunds when Global Travel rescheduled or cancelled their children's 2020 trips. Still, they seek full refunds under the contract.

Consistent with the expressed intentions of the parties, a contract must be interpreted so that it is "lawful, operative, definite, reasonable, and capable of being carried into effect." Mont. Code Ann. § 28-3-201. Because the contract here authorizes Global Travel to reschedule or cancel unsafe trips "without liability or cost," it cannot reasonably be interpreted to require full refunds for such rescheduled or cancelled trips. *See* Mont. Code Ann. § 1-4-107; *Lewis & Clark County v. Wirth*, 510 P.3d 1206, 1213 (Mont. 2022). We cannot rewrite it to do so. *See* Mont. Code Ann. § 1-4-101; *Am. States Ins. Co. v. Flathead Janitorial & Rug Servs., Inc.*, 355 P.3d 735, 738 (Mont. 2015). And no other provision of the contract can reasonably be read to require full refunds when trips are rescheduled

3

or cancelled for safety reasons.[2] Because the contract does not require Global Travel to offer Sides full refunds for the rescheduled trips, the district court properly granted summary judgment for Global Travel.

**AFFIRMED**.[3]

---

[2] Sides argues for the first time on appeal that Global Travel breached its contracts by calculating refunds under the Standard Cancellation Policy based on the original departure date rather than the rescheduled departure date. Sides waived this theory by failing to raise it below, and we decline to address it now. *See DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1233 n.1 (9th Cir. 2024).

[3] The third volume of the record on appeal contains unredacted references to one of the minor plaintiffs' first names in violation of Federal Rule of Civil Procedure 5.2(a) and Federal Rule of Appellate Procedure 25(a)(5). The Clerk is hereby ordered to seal volume three of the record, and the parties are ordered to re-file a properly redacted version of volume three.